UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PETER MARTIN, an individual and on behalf of those similarly situated and the general public,

       Plaintiff,

  v.

AT&T WIRELESS CORPORATION, AT&T CORPORATION, CINGULAR WIRELESS CORPORATION, CINGULAR WIRELESS LLC, NEW CINGULAR WIRELESS SERVICES, INC. and DOES 1 through 50,

       Defendants.

No. 2:07-CV-01127-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

    Now before the Court is Plaintiff's Ex Parte Application relating to Defendants' Motion to Disqualify Class Counsel, Martha Bronson, Esq. The ex parte application requests an order: (1) sealing all records that relate to or refer or otherwise reveal Ms. Bronson's financial information, (2) enjoining Defendants' counsel from filing such documents in the future,

///

(3) granting Plaintiff the right to move for sanctions against Defendants, (4) continuing the hearing on the Motion to Disqualify at least three weeks, and (5) enjoining Defendants from making private, personal information public in the future. The Court will address these requests in turn:

**1.    Sealing the Court Records**

On September 10, 2007, Defendants filed a motion to disqualify Plaintiff's class counsel, Ms. Bronson.  That motion is based, in sum, on the fact that Ms. Bronson is married to Peter Martin, the class representative.  In support of that motion, Defendants filed several public records or publicly available documents that established that Ms. Bronson and Mr. Martin were married, that they resided at the same address, that they shared a telephone number, and that they had done so during the period relating to Mr. Martin's complaint.  Included in this documentation was Defendants' Exhibit B, an income and expense declaration obtained from the records of Superior Court of California, County of San Joaquin.  In this income and expense report, dated May 12, 2005, and signed by Ms. Bronson, Peter Martin is identified as Ms. Bronson's husband.  Also included in this income and expense statement is a copy of a Form 1040 Schedule C that Ms. Bronson filed for the year 2003.

As it exists in the record in San Joaquin County, the income and expense statement and the attached Schedule C contain Ms. Bronson's financial information, including her Social Security Number.  This information is publicly available.

2

Having reviewed the record, this Court finds that before filing this document in this action, Defendants conscientiously redacted Ms. Bronson's financial information, including her Social Security Number reflected at the top of the Schedule C.

Unfortunately, Defendants failed to redact the Social Security Number at the top of the second page of the Schedule C. Contrary to Ms. Bronson's assertions, this is the only instance where the Defendants failed to properly redact private information. Local Rule 39-140(a). Defendants acknowledge that they inadvertently failed to redact that portion of the Schedule C. This Court finds no reason to believe the failure to redact was anything other than an inadvertent mistake (despite Plaintiff's overly dramatic assertion that the purpose of Defendants' "blasphemous conduct is to intentionally harm, annoy and harass plaintiff's counsel to discourage her from pursuing this lawsuit"). Defendants do not object to redacting that portion of the Schedule C that contains Ms. Bronson's Social Security Number.

Accordingly, the Clerk of the Court is directed to seal Defendants' Exhibit B to their Motion to Disqualify Class Counsel.

**2.     Sanctions and Injunctions Against Defendants**

Despite Plaintiff's inflammatory accusations, this Court finds no misconduct on the part of Defendants or their counsel. Therefore, there is no basis upon which to issue any injunctions against Defendants or their counsel and no basis to issue sanctions.

3

**3.     Continuance of Hearing on Motion to Disqualify**

Plaintiff has not filed an opposition to Defendants' Motion to Disqualify Ms. Bronson.  Defendants' Motion was filed September 11, 2007, and was set for hearing on October 12, 2007.  Plaintiff's opposition was due no later than September 28, 2007, fourteen days prior to the hearing.  Local Rule 78-230(c).

In a declaration dated September 28, 2007, Ms. Bronson declares that she did not become aware of the issue with her Social Security Number until earlier that day when she turned to the file to begin preparing a response to the Motion to Disqualify.  At that time, she realized that Defendants had disclosed her Social Security Number and, because she needed to immediately attend to the issue, was unable to prepare an opposition to the motion to disqualify.  This included preparing this ex parte application, which the Court notes is at best, over stated.  Nevertheless, this course of conduct apparently required all of the precious few hours Ms. Bronson had allocated to opposing Defendants' motion to disqualify her.

Plaintiff now requests the Court continue Defendants' Motion to allow Plaintiff to adequately respond "without the burden of having to deal with her financial security due to defendants ... placing her financial well-being in jeopardy."  Because Plaintiff cites no basis for failing to timely file an opposition, the request to continue the hearing is DENIED.  For the same reasons, the request for an order shortening time to file an opposition on October 5, 2007 is also DENIED.

///

**CONCLUSION**

For the above reasons, the Plaintiff's ex parte application is GRANTED in part, and DENIED in part.  The Clerk of the Court is directed to seal Defendants' Exhibit B to their Motion to Disqualify Class Counsel.  The remainder of Plaintiff's ex parte application is DENIED.

IT IS SO ORDERED.

Dated: October 12, 2007

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE