UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PETER MARTIN, an individual and on behalf of those similarly situated and the general public,

    Plaintiff,

    v.

AT&T WIRELESS CORPORATION, AT&T CORPORATION, CINGULAR WIRELESS CORPORATION, CINGULAR WIRELESS LLC, NEW CINGULAR WIRELESS SERVICES, INC. and DOES 1 through 50,

    Defendant.

No. 2:07-CV-01127-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

Peter Martin ("Plaintiff") brought this class action against AT&T Wireless Corporation, AT&T Corporation, Cingular Wireless Corporation, Cingular Wireless LLC, and New Cingular Wireless Services, Inc. ("Defendants"), alleging deceptive and unlawful billing practices.

///

1

1  Defendants moved to disqualify class counsel Martha Bronson on
2  the grounds that she is married to Plaintiff, and that, given the
3  potential for a high award of attorney's fees, he would be unable
4  to fairly and adequately protect the interests of the class.

## BACKGROUND

8   On August 23, 2004, Plaintiff activated wireless service
9  with Defendant AT&T Wireless Services, Inc.  Plaintiff alleges
10 Defendants engaged in deceptive and unlawful billing practices,
11 including misrepresentation of line item charges, the addition of
12 unauthorized service charges to customers' bills, and failure to
13 remove the unauthorized services upon request.  Plaintiff, as the
14 class representative, brought a class action, seeking to enjoin
15 Defendants' allegedly unlawful practices and to provide
16 restitution to the putative class members affected.  Defendants
17 removed the case to this Court.
18   Defendants' motion is based on the fact that Plaintiff, the
19 class representative, is married to Ms. Bronson, who is acting as
20 class counsel.  In a declaration filed in family court on May 5,
21 2005, Bronson identified Plaintiff as her "husband."
22   In a late-filed opposition, Plaintiff requested leave to
23 substitute a new class representative in order to avoid the
24 familial relationship.
25 ///
26 ///
27 ///
28 ///

**ANALYSIS**

Federal courts apply state law in determining the disqualification of an attorney.  *In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000); *see also* Local Rule 83-180(e). California courts and federal courts alike are concerned by the potential conflict of interest that arises where a class representative is closely related to the class attorney.  *Apple Computer, Inc. v. Sup. Ct.*, 126 Cal. App. 4th 1253, 1264 (2nd Dist. 2005) (quoting *Susman v. Lincoln American Corp.*, 561 F.2d 86, 90-91 (7th Cir. 1977)).  This concern is due, in large part, to the fact that in the class action setting, the possible recovery of the class representative is usually largely outweighed by the class counsel's recovery of attorneys.  *Id*.  As such, the general rule is that it is "improper for an attorney to represent a class when the named plaintiff is the attorney's spouse or child."  *Id*. at 1279 (quoting Newberg on Class Actions).

Here, Ms. Bronson is married to the representative plaintiff.  This arrangement provides none of the safeguards of adequate representation discussed in *Apple* or *Susman*.  Further, Ms. Bronson's ability to adequately represent the class has already been called into question in the course of this motion. In support of this motion to disqualify, Defendants filed several public records or publicly available documents that established that Ms. Bronson and Mr. Martin were married.

///

///

1  Erroneously included in those documents was an income and expense
2  declaration obtained from the records of Superior Court of
3  California, County of San Joaquin.  That income and expense
4  report, as maintained in the state court files, contained
5  Ms. Bronson's Social Security Number.
6     According to a declaration dated September 28, 2007, (the
7  date her opposition was due) Ms. Bronson did not become aware of
8  the issue with her Social Security Number until earlier that day
9  when she turned to the file to begin preparing a response to the
10 Motion to Disqualify.  At that time, she realized that Defendants
11 had disclosed her Social Security Number and, because she needed
12 to immediately attend to the issue, was unable to prepare an
13 opposition to the motion to disqualify.  This course of conduct
14 apparently required all of the precious few hours Ms. Bronson had
15 allocated to opposing Defendants' motion to disqualify her.  This
16 Court is already skeptical of Ms. Bronson's ability to put the
17 interests of the class ahead of those of herself and her husband.
18    The only arguments raised in the late-filed opposition are
19 that the motion is premature and should be brought as an
20 opposition to a motion to certify the class and that the general
21 disqualification rules do not apply to cases where the class is
22 so large as to inevitably include class counsel.  The cases cited
23 by Plaintiff do not support these contentions and this Court
24 finds no merit in either of these arguments.
25 ///
26 ///
27 ///
28 ///

 For reasons of public policy and judicial efficiency, this motion is not premature.  Allowing Ms. Bronson to continue as class counsel and, as she requests, to continue conducting discovery until she finds a new class representative will only serve to waste time and resources.  If Plaintiff wishes to continue pursuing this class action, he should hire a new attorney.  Accordingly, Martha Bronson should be disqualified.

**CONCLUSION**

 For the foregoing reasons, Plaintiff's attorney Martha Bronson is disqualified.

 IT IS SO ORDERED.

Dated: May 16, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE